SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. HERMANN, OSB #126353**
Assistant United States Attorney
Nicole.Hermann@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-CR-00025-SI** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOSEPH DI PERI,** | |
| **Defendant.** | |

### INTRODUCTION

Defendant, a federal firearms licensee provided a firearm to person he knew was prohibited from possessing firearms. He now appears before the court for sentencing. The government recognizes that defendant has no prior felony convictions; however, defendant was a licensed gun dealer, in possession of dozens of firearms, many of which he allowed into the hands of convicted felons and active drug users.

**Government's Sentencing Memorandum**                                        **Page 1**

The facts of the instant offense combined with defendant's lack of criminal history support the parties' joint recommendation of a time served prison sentence followed by two years of supervised release. It is the government's position that the recommended sentence both imposes consequences for defendant's illegal firearms transfer and takes into account his particular circumstances, and this Court should impose the jointly recommended sentence of time served.

## FACTUAL BACKGROUND

### A.    The Offense Conduct

In 2022, defendant filed the required paperwork and licensing requirements and became a federal firearms licensee authorized to sell and import firearms. Defendant listed his residence in Lake Oswego, Oregon as his registered place of business. As a part of the application process, defendant acknowledged the requirements of maintaining records and the laws regarding the transfer of firearms to federally prohibited persons.

In November 2023, a firearm registered to the defendant was found in the possession of a convicted felon, seized during an investigation into a stolen vehicle. The firearm was not reported stolen and there were no records showing it had been sold or otherwise transferred from the defendant's possession. Due to the lack of records, the defendant was subsequently contacted by the National Tracing Center and as an FFL was required to provide records regarding the status of the recovered firearm. The defendant's delayed response, pas the agency deadline, his statement that he had never sold or effectuated the transfer of any firearms in his name, and his inability to produce any documentation to explain how the firearm ended up in the possession of a convicted felon, led to a referral from the National Tracing Center to ATF for further investigation in early 2024.

**Government's Sentencing Memorandum**                                    **Page 2**

As ATF began to look further into the defendant and his FFL business, agents discovered that multiple firearms registered to the defendant had been recovered in the possession of prohibited persons. One such firearm was identified as a Stribog model SP9A1 firearm with serial #GSA26546 which was recovered by the Portland Police Bureau in March 2024 during a search of a male, Adult Witness 1 (AWl), found slumped over in a running vehicle next to fentanyl and three firearms. AW1 was found to be a convicted felon, actively using fentanyl in the vehicle, and prohibited from possessing firearms. The Stribog firearm was found to have been manufactured outside the State of Oregon, thus affecting interstate commerce. It was registered to the defendant and had not been reported stolen. During the investigation ATF agents further determined that several firearms registered to defendant or previously in his possession had been located in similar situations – recovered during investigations into convicted felons and narcotics trafficking.

ATF agents subsequently executed a search warrant at the defendant's residence and registered FFL business address in late March 2024. No records, documentation, or other information indicating a sale or legal transfer of the firearm in AW1's possession were located. Additional investigation revealed communications via text message between defendant and AW1 prior to his arrest, discussing the exchange of firearms. Agents also located in custody calls between AW1 and the defendant, discussing the defendant's ability to retrieve his firearm(s) seized during AW1's arrest from police custody.

On January 23, 2025, defendant was charged by indictment and made his initial appearance in federal court on February 3, 2025. Defendant was initially released from custody and after a series of pretrial violations, was ultimately detained for the final time on February 25, 2026, and has remained in custody since that date.

**Government's Sentencing Memorandum**                                                    **Page 3**

## B.  The Charge

On June 25, 2026, defendant plead guilty to Count One of the 4-count indictment.  Count One charged that on or between March 24, 2022 through March 22, 2024, in the District of Oregon, defendant intentionally shipped, transported, transferred, caused to be transported or otherwise disposed of a firearm, to wit: a Stribog pistol, model SP9A1, with serial #GSA26546 to another person in or otherwise affecting interstate commerce, having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony in violation of 18 U.S.C. § 933(a)(1).  PSR at ¶1.

## C.  Guidelines Calculations

The government agrees with the computations as outlined in the Pre-Sentence Report (PSR) and as discussed further below.  The parties agree that defendant's base offense level pursuant to USSG § 2K2.1(a)(6)(B) is 14. PSR at ¶35.

The parties further agree that the conduct alleged in Count 1 of the indictment qualifies as a special offense characteristic under USSG § 2K2.1(b)(6)(B)(i)(I)[1] and thus a two-level increase applies. PSR at ¶36.

Defendant's timely guilty plea also demonstrates that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case, which is reflected in a three-level adjustment for acceptance of responsibility. PSR ¶ 42-43.

Finally, the parties agree with the PSR calculations that the total offense level is 13 after all adjustments. PSR at ¶44.

---

[1] The plea agreement letter (ECF No. 62) incorrectly cites USSG § 2K2.1(b)(5)(B) as the applicable guideline provision for this enhancement. That citation is incorrect as this guideline provision was amended in November 2025. The PSR correctly cites the applicable guideline provision.

**Government's Sentencing Memorandum**                                                    **Page 4**

The defendant has no prior criminal convictions and no other prior criminal history. The government agrees with Probation that the defendant scores 0 criminal history points, placing him in Criminal History Category I. PSR at ¶ 55.

### D.  Government's Recommended Sentence

The parties jointly recommend a sentence of time served followed by two years of supervised release. The government anticipates the recommend sentence will result in an additional two-level downward variance under § 3553(a).  The government recognizes that the defendant has no criminal history and prior to the series of firearm recoveries beginning in 2023, had a stable income, residence, and support system with little no criminal contacts. However, it is also clear from the investigation that defendant had the access and ability to purchase many different types of firearms and was willing to sell or provide firearms to prohibited persons despite training and education as a firearms licensee on the laws surrounding the sale of firearms and recordation requirements of such transactions.  Despite having no criminal history, defendant's high-risk behavior of his intention to provide guns to a person who is legally prohibited from possessing firearms illustrates a picture of a reckless individual who disregards public safety.  A sentence of time served which encompasses the nearly eight months defendant has already spent in custody, and will be followed by the next two years of supervised release, will protect the community from defendant's criminal behavior.  The parties recommended sentence is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

The nature and circumstances of the underlying offense demonstrate to the court that defendant should not be granted any benefit beyond the reductions already provided.

**Government's Sentencing Memorandum**                                                    **Page 5**

Defendant's conduct and reckless willingness to provide firearms to persons legally prohibited from possessing them, demonstrates a disregard for public safety and he should be held accountable for his actions.  The jointly recommended sentence should be imposed.

### E.  Forfeiture

As part of his plea agreement, defendant agreed to forfeit all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 2461(c) and 18 U.S.C. § 924(d), including: a Stribog pistol, model SP9Al with serial number GSA26546; a Smith and Wesson pistol, 9mm, model M&P 9 Shield with serial number JNC5239; a Springfield pistol, 9mm, model XDM with serial number BA721191; a Masterpiece Arms pistol, 9mm model Defender with serial number FX08540; and a Glock, 9mm, model 17 Gen 5, with serial number BXNU506 as set forth in the plea agreement. ECF No. 62. Additional firearms seized during the investigation are being handled administratively by ATF.

### CONCLUSION

Based on the foregoing, the government recommends the Court impose the jointly recommended sentence of time served, followed by two years' supervised release, subject to the standard conditions, plus the special conditions that have been recommended in the PSR, and imposition of a $100 fee assessment.

Dated: July 29, 2026                              Respectfully submitted,

SCOTT BRADFORD
United States Attorney


*/s/ Nicole M. Hermann*
NICOLE M. HERMANN, OSB #126353
Assistant United States Attorneys


**Government's Sentencing Memorandum**                              **Page 6**